FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 24 2006

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GARY D. MULLIS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:03-CV-3029-CC |
| v. | : | |
| | : | |
| COBB COUNTY BOARD OF | : | PRISONER CIVIL RIGHTS |
| COMMISSIONERS; et al., | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## OPINION AND ORDER

On November 8, 2005, after careful review of the matters at issue, this Court entered an order, [Doc. 69], that disposed of six dispositive motions, dismissed ten of the eleven Defendants, and dismissed all but one of Plaintiff's claims. Plaintiff and the sole remaining Defendant have now filed motions for reconsideration. [Docs. 70, 71]. Plaintiff has also filed an addendum to his motion to amend. [Doc. 73].

Additionally, Plaintiff has objected, [Doc. 79], to Defendant Hendrix' Bill of Costs, [Docs. 77, 78], entered against Plaintiff in the amount of $391.84.

### Motions for Reconsideration

According to the local rules of this Court:

Motions for reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion

AO 72A
(Rev.8/82)

shall be filed with the clerk of court within ten (10) days after entry of the order or judgment.

L.R. 7.2E, N.D. Ga. As indicated by the language of Rule 7.2E, motions for reconsideration are not to be filed as a matter of course.

> In fact, the term "motion for reconsideration", as such, does not appear in the Federal Rules of Civil Procedure. The title of Fed. R. Civ. P. 60(b), under which a so-called motion for reconsideration may be brought, further attests to its extraordinary nature ("Relief From Judgment or Order--Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.") is "'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship' . . . ." Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986), cert. denied, 480 U.S. 908, 107 S. Ct. 1353, 94 L. Ed. 2d 523 (1987)). A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court "could have done it better" the first time. Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice. See, e.g., Kern-Tulare Water District v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal 1986), aff'd. in part and rev'd. in part, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S. Ct. 1752, 100 L. Ed. 2d 214 (1988).

Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

Defendant Williams in his motion, [Doc. 70], simply reasserts his arguments that summary judgment is proper with respect to the excessive force claim. Defendant Williams has not asserted the discovery of new evidence, an intervening development

2

or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice. The motion will therefore be denied.

Plaintiff in his motion seems to seek (1) that this Court reconsider its order denying Plaintiff's motion to amend, and (2) damages for his excessive force claim, apparently believing that this Court's denial of summary judgment in favor of Defendant somehow translates to a judgment in his favor. Plaintiff is entitled to neither, and his motion will be denied.

### Bill of Costs

Defendant Hendrix, having prevailed in his summary judgment motion, filed a bill of costs pursuant to Fed. R. Civ. P. 54. However, 28 U.S.C. § 1924 requires that:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

As no affidavit was attached to Defendant Hendrix' bill of costs, it fails to comply with the requirements of § 1924. Because Plaintiff has objected to the bill of costs, the Plaintiff's objection must be sustained and the bill of costs disallowed.

AO 72A
(Rev.8/82)

## Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Williams' motion for reconsideration, [Doc. 70], is **DENIED**.

**FURTHER ORDERED** that Plaintiff's motion for reconsideration, [Doc. 71], is **DENIED**.

The Clerk is **DIRECTED** to **VACATE** his taxation of costs against Plaintiff and in favor of Defendant Hendrix.

**IT IS SO ORDERED**, this 24th day of February, 2006.

_____
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE